# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                               No. CR 18-1384 WJ

MARIO GARCIA and
ROBERT ABEYTA,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING GOVERNMENT'S MOTION FOR PRODUCTION OF DNA SAMPLE

THIS MATTER comes before the Court upon the Government's Opposed Motion for Production of DNA Sample, filed June 13, 2018 **(Doc. 31)**. Having reviewed the parties' briefs and applicable law, the Court finds that the Government's Motion is well-taken and, therefore, is granted.

## BACKGROUND

Mario Garcia ("Defendant") was indicted for allegedly robbing the Wells Fargo Bank in Pojoaque, New Mexico on February 20, 2018, and a laundromat in Espanola, New Mexico on March 30, 2018. He is currently in pretrial detention. *See* Doc. 8. During both robberies, Defendant was allegedly wearing a black mask. A black Toyota was found twenty minutes after the laundromat robbery at the co-defendant's home which is located about 1.4 miles from the laundromat. Witnesses identified the car as the vehicle used in the laundromat robbery. The car contained a black mask, which was seized by law enforcement agents and which has been under their control since the car was found on Marcy 30, 2018. In this motion, the Government seeks

an Order compelling Defendant to provide a DNA sample by way of a buccal swab. Defendant contends that the Government's request violates his Fourth Amendment rights.[1]

The Government recognizes that invasions of the body are searches and thus are entitled to the protections of the Fourth Amendment.[2] The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . .." U.S. Const. amend. IV. The "ultimate touchstone" of the Fourth Amendment is reasonableness. *Brigham City v. Stuart,* 547 U.S. 398 (2006), cited in *Banks v. United States*, 490 F.3d 1178, 1183 (10th Cir. 2007); *United States v. Knights*, 534 U.S. 112, 118 (2001) (reasonableness is the general Fourth Amendment approach used to assess the reasonableness of a contested search).

In 2000, Congress enacted the DNA Analysis Backlog Elimination Act ("The DNA Act"), which required DNA samples to be collected from individuals in custody and while on probation, parole, or supervised release after being convicted of certain violent crimes. 42 U.S.C. §14135a(d) (2001). Congress amended the supervised release statute to add the DNA sample requirement to supervised release. 18 U.S.C. §3583(d). In 2004, Congress passed the Justice for All Act which amended the DNA Act, expanding the list of qualifying offenses to include any felony. 42 U.S.C. § 14135a (d) (2004). The 2006 revision to the DNA Act expanded its scope to

---

[1] The Government provides a short discussion on why DNA collection and testing does not violate Defendant's Fifth Amendment rights. *See Boling v. Romero,* 101 F.3d 1336, 1340 (10th Cir. 1996). (DNA samples not testimonial in nature). Defendant's challenge appears to be limited to the Fourth Amendment. To the extent Defendant would raise a Fifth Amendment challenge to the Government's request, it is rejected for reasons presented by the Government.

[2] The Government provides examples of other types of body searches protected by the Fourth Amendment. *See, e.g., Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 616-17 (1989) (breathalyzer and urine sample); *Cupp v. Murphy*, 412 U.S. 291, 295 91973) (finger nail scrapings); *Schmerber v. California*, 384 U.S. 757, 767-71 (1966) (blood); *see also Padgett v. Donald*, 401 F.3d 1273, 1277 (11th Cir.2005) (swabbing the inside of mouth for saliva is a search); *Schlicher v. Peters*, 103 F.3d 940, 942-43 (10th Cir.1996) (collection of saliva is a search).

encompass both arrestees and pretrial detainees and thus the DNA Act applies to Defendant. 42 U.S.C. §14135a(1) (A).

The Tenth Circuit has recognized both a circuit split as well as a split in its own precedents regarding which test to apply—a "special needs" test or a "totality of the circumstances" test—to a Fourth Amendment challenge to DNA statutes such as the one challenged here. However, the Tenth Circuit has most recently used a totality of the circumstances test in *Banks,* 490 F.3d 1178, and Defendant appears to agree this test is most appropriate.

## DISCUSSION

Defendant does not object to the first part of the process, the collection of the DNA sample, and acknowledges that a buccal swab is a "minimal intrusion." *Maryland v. King,* 569 U.S. 435, 449 (2013). Instead, Defendant contends that the development and indexing of the DNA profile *at this stage* violates his Fourth Amendment rights, as applied to him.[3] He objects to the collection of the buccal swab before the Government analyzes evidence from the crime scene because of the possibility of both cognitive bias and cross-contamination:

- First, Defendant is concerned that testing his DNA and the black mask before obtaining crime scene evidence carries the risk of bias due to "irrelevant contextual information," which Defendant describes as information an examiner may know about the prosecution's case. He contends that there is a "strong risk" that an examiner could "peek" at Defendant's DNA when analyzing the evidentiary DNA from the crime scene unless it is first determined first by independent examination that there is an adequate sample of adequate quality to compare to Defendant's DNA.

- Second, Defendant claims that in addition to the possibility of cognitive bias, side-by-side analysis—that is, comparing Defendant's DNA alongside the crime scene evidence rather than interpreting the crime scene evidence prior to comparing it with his DNA profile— could introduce quantitative error because of cross-contamination. Contamination can

---

[3] Facial challenges contest the constitutionality of a statute in all circumstances, where an "as applied challenge concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the *particular circumstances* of the case." *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 907 (10th Cir. 2016) (emphasis in original).

3

occur during collection, preservation, handling, or analysis because DNA testing is extremely sensitive and can amplify low quantities of DNA. Defendant suggests that the risk of contamination can be avoided by testing each sample separately and independently.

Under a totality of the circumstances approach, a court balances the degree to which the DNA Act interferes with a defendant's privacy interests against the degree to which profiling a defendant's DNA promotes a legitimate governmental interest. *See Banks v. United States*, 490 F.3d 1178, 1182 (10th Cir. 2007); *see also Tennessee v. Garner,* 471 U.S. 1, 8 (1985) (balancing of competing interests is "key principle of the Fourth Amendment") (quoting *Michigan v. Summers,* 452 U.S. 692, 700 n.12 (1981). In this case, the Court must ask whether the particular order in which the analysis is carried out is vital to protecting Defendant's constitutional rights. Defendant cites to certain governmental interests such as: (1) identification of a qualified federal offender under the statute when independent evidence demonstrates that a crime was committed; (2) maintaining a permanent record to solve other past and future crimes; and (3) combating recidivism by solving crimes and removing criminals from the streets and by deterring future criminal acts by felons on release. *Banks v. United States*, 490 F.3d at 1189.

Defendant's argument has several flaws. First, it rests solely on the following to resist the Government's motion:

- Articles disseminated during President Obama's administration (President's Counsel of Advisors on Science and Technology or "PCAST") which could be found on the White House website, but are of course no longer available at that URL address;

- rules promulgated by the Scientific Working Group on DNA Analysis Methods (or "SWGDAM"), a group including forensic scientists, academicians and federal agencies, which require laboratories to interpret any evidentiary DNA prior to comparing it with the profile developed from a suspect; and

- treatises related to DNA analysis.

4

Defendant offers no case law to support his argument, and no case law finding that similar "as applied" challenges have succeeded. On the other hand, the Government presents cases where similar challenges to the statute were rejected, including the *Banks* case on which Defendant also relies.[4]

The second flaw with Defendant's argument is that it is premature. It rests on a "why-not-do-this-in-order-to-avoid-problems-later" premise, but this is not the standard for a Fourth Amendment inquiry.[5] Defendant points to the risk of cognitive bias and contamination, neither of which can be said to have already occurred here. In fact, the Government does not even know at this time know whether Defendant's DNA will be tested before developing evidence from the crime scene. *See* Doc. 36 at 8. The Government argues that Defendant's arguments about the risk of false results and contamination go to weight of the evidence and not to the Government's ability to obtain the evidence (which is the issue here), and the Court agrees. Concerns about such risks are more properly addressed later in motions to suppress (or in *Daubert* motions).[6]

Finally, the Court questions whether Defendant's objection can even be considered as a Fourth Amendment challenge. Unreasonable invasions of the body are considered searches which are entitled to the protections of the Fourth Amendment, but courts have found that the physical intrusion required to take a DNA sample is minimal. *Skinner v. Railway Labor Executives' Ass'n.*, 489 U.S. 602, 625 (1989) (". . . the intrusion occasioned by a blood test is not

---

[4] The cases cited by the Government include: *United States v. Mitchell*, 652 F.3d 387 (3rd Cir. 2011); *United States v. Stewart*, 532 F.3d 32, 36-37 (1st Cir.2008); *United States v. Kriesel*, 508 F.3d 941, 950 (9th Cir.2007); *Banks v. United States*, 490 F. 3d 1178, 1193 ( 10th Cir. 2007); *United States v. Amerson*, 483 F.3d 73, 75 (2d Cir.2007); *United States v. Hook*, 471 F.3d 766, 773 (7th Cir.2006); ); *Johnson v. Quander*, 440 F.3d 489, 497 (D.C. Cir.2006).

[5] The Government could always agree to follow the order of DNA analysis urged by defense counsel, but here the Government is opposed to it, whether out of concerns for efficiency or other reasons. The Government's position therefore requires that the Court follow a Fourth Amendment inquiry, not make a ruling based on what procedure might make more common sense.

[6] *See Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 597 (1993).

significant, since such 'tests are a commonplace in these days of periodic physical examinations and experience with them teaches that the quantity of blood extracted is minimal, and that for most people the procedure involves virtually no risk, trauma, or pain'") (internal citation omitted); *U.S. v. Kriesel*, 508 F.3d 941, 948 (9th Cir.2007) (privacy analysis not altered based on whether DNA collected in blood test or cheek swab or other mechanism). Here, however, Defendant opposes only a specific portion of the Government's request—that is, the development and indexing of the DNA profile, not the sample collection which is the actual physical intrusion. So, it is not clear whether Defendant can rely on a Fourth Amendment analysis to challenge the Government's motion.

The Court's last point here is not dispositive since even under a Fourth Amendment analysis, the Government's motion would still be granted. Scientific articles and rules promulgated by a forensic task force such as those offered by Defendant here may be interesting and useful in improving the integrity of DNA analysis, but they are not relevant to this motion and do not outweigh the Government's interests in identifying an individual who has committed a crime that is included in the DNA statute or in maintaining a database that can help solve crimes now or in the future. For these reasons, the Court finds that on balancing the totality of the circumstances, the Government's request is reasonable and does not violate Defendant's Fourth Amendment rights.

**THEREFORE,**

**IT IS ORDERED** that the Government's Opposed Motion for Production of DNA Sample **(Doc. 31)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE